ALEX SAPP, *Plaintiff in Error*, v. THE STATE OF FLORIDA,
*Defendant in Error.*

1.   Where the bill of exceptions does not disclose the particular
testimony objected to as immaterial, and on the whole record
it does not appear that error was committed, an exception to
a ruling permitting a witness "to testify relative to said
matter," is not well taken.

2.   Instructions in a criminal prosecution that the "evidence
need not be positive or expressed," and that the jury "should
not be prejudiced against this charge because it is an in-
formation" as distinguished from an indictment, held not to
be reversible errors in this case.

3.   An instruction that the jury is "to determine whether a man
who is innocent will remain silent when he is accused of
committing a crime" should not be given; but where the
verdict is clearly warranted by the evidence, and considering
the whole record, no harm could reasonably have resulted to
the defendant, the charge may be harmless.

This case was decided by Division A.

Writ of error to the Circuit Court of Columbia County.

The facts in the case are stated in the opinion of the court.

*J. B. Hodges* and *F. P. Cone,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

WHITFIELD, C. J.—The plaintiff in error was convicted of selling alcoholic liquors in Columbia county where such sale is forbidden by law. On writ of error it is contended that improper testimony was admitted, that erroneous charges were given to the jury and that the verdict is contrary to the law and to the evidence.

At the trial the State "offered to prove" by a witness "where one Jerry Crowley was found dead in Columbia county;" to which the defendant objected on the ground that it was immaterial. The witness was permitted "to testify relative to said matter," and the defendant excepted. It is the duty of the plaintiff in error to make the errors assigned clearly appear. All presumptions are in favor of the correctness of the rulings of the trial court. The bill of exceptions does not disclose what particular testimony was objected to, and in view of the entire record it does not affirmatively appear that the court erred in permitting evidence to be given relative to where Crowley was found dead. The same may be said of the ruling of the court in permitting another witness to testify "to the matter" "that there was whiskey found near the person of Jerry Crowley when he was found dead."

The defendant called a witness to impeach the "reputation" of a State witness "for truth and veracity," and upon cross-examination the State "endeavored to elicit from the said witness some matters relative to the selling of whiskey by the defendant." On objection by defendant because it was not proper on cross-examination, the court

held "that the said matter ought to be permitted and received in evidence," but it is not stated that the said matter was in fact admitted in evidence. It appears that on cross-examination that the witness did testify that he believed a named person "did get the whiskey from Alex Sapp," but it does not appear that this was the particular testimony objected to. The inquiry on the direct examination was apparently not confined to the "general reputation" of the witness.

In instructing the jury as to their duty when they believe from the evidence beyond a reasonable doubt that the defendant sold whiskey as alleged in the information, the court added: "This evidence need not be positive or expressed." The evidence was positive and express as to the acts alleged and the portion of the charge complained of was harmless even if erroneous. By including in an instruction a statement that the jury "should not be prejudiced against this charge because it is an information" as distinguished from an indictment, the court did not commit a reversible error, but made an apparently unnecessary suggestion to the jury. The portion of the charge that the jury is "to determine whether a man who is innocent will remain silent when he is accused of committing a crime" should not have been given; but the verdict is clearly warranted by the evidence, and considering the whole record no harm could reasonably have resulted to the defendant by the charges complained of. The verdict does not appear to be contrary to the evidence or to the charge of the court or to the law.

The judgment is affirmed.

SHACKLEFORD, and COCKRELL, J. J., concur;

TAYLOR, P. J., and HOCKER and PARKHILL, J. J., concur in the opinion.